Curia, per
O’Neall, J.
I have reviewed my decision below, and have given to the argument of the defendants’ counsel, that consideration, which the importance of a well argued legal question, always demands. I have not been able to detect any error in the judgment below. The fourth ground of the motion is unconnected with the main question, it will be first disposed of. The application of the defendants, “to let the bail justify,” was made before the motion for leave to discontinue, as to Mrs. Reed. It was, therefore, in point of order, entitled to be first heard. As soon as the bail justified, the other order, for the dissolution of the attachment, followed as matter of legal consequence. For, by law, as soon as special bail is put in, the attachment is dissolved. I have never been able to discover, why the motion to discontinue, as to Mrs. Reed, should have been so zealously pressed, as a privileged mo *13 tion. If it was intended to obtain some legal, technical advantage, such as that Mrs. Reed had executed the bail piece, when slie was not a party, this was reason enough, why the Court should have first permitted the bail to justify, and dissolve the attachment. For the putting in bail made the proceeding in rein, a proceeding in perso-nam, and the parties, after it, stood upon the same footing, which they would have occupied, if they had been served with process. This was making the parties equal in Court. And after the attachment was dissolved, the plaintiffs could as well discontinue, as to Mrs. Reed, as before. The other grounds present the question, which was decided on the circuit, and it might be sufficient to refer to the judgment below, for the reasons of the judgment here; but it' may be well to add to them some other views, which the argument on the appeal and subsequent reflection have suggested. The terms bail, and special bail, used in the Act of ’39, are terms well understood in their legal sense. The term bail, in its ordinary legal sense, is the delivery of the defendant to his securities, or keepers; as it is usually applied in this State, it is understood to mean, bail below, or bail to the Sheriff, which, by our act, has been turned into bail above, or bail to the action. The Act of ’39, if it had stopped at “bail, to answer the action,” would have merely described, “bail below, or bail to the Sheriff:” to obviate that, they added the words, “and pay the condemnation,” which was a definition of special bail, bail above, or bail to the action! The attachment of the defendant’s goods, is to compel him to appear; and operates as bail to the Sheriff at common law, which is thus described in 3d Petersdorf’s Abridgement, Title Bail, 97, marg. page. “The bail bond, being conditioned for the defendant’s appearance in Court, on the return day of the process, it is obvious, that, in strictness of law, nothing can be a performance of the condition, but effecting what is technically called an appearance.” The Legislature speak of “ special bail before appearance, or otherwise, desiring to appear in that manner.” This was describing the course of things, which results from putting in bail to the action, and which was a common law appearance. Petersdorf describes it as follows. “ This (that is a technical appear- *14 anee,) is effectuated, by putting in special bail to the action, or bail above, as they are in general, denominated in contra-distinction to the bail below, or bail to the Sheriff.” “Bail above, or special, may be described as persons who undertake, generally, or in a sum, certain, that the defendant, if convicted, shall satisfy the plaintiff, or render himself to proper custody.” It is plain, therefore, if the Legislature intended to use the words as legal, technical terms, that the bail pieces offered here have the proper condition. That they intended nothing new, is to be inferred from the fact, that they have merely put in one clause, provisions, which before existed, in different acts. The case of Fife & Co. vs. Clarke, had given construction to them, and settled the course of practice, and if the Legislature had intended to introduce a new rule, they would have made an entirely new provision. This was not done, and hence, I take it, they intended the old construction should prevail. Independent, however, of that, I think that a bail piece, to answer the action and pay the condemnation, would have no greater legal effect, than one conditioned, “to pay the condemnation money, or render himself prisoner to the' Sheriff of the district, aforesaid.” If it be bail, it is plain, that the party may be surrendered. It is called, “bail and special bail” in the Act; and in addition to this, the bond is to be conditioned to answer the action. What is that, unless it be security for the party’s appearance: and if he be not in the custody of his keepers, how can they undertake for his appearance 1 Again, the undertaking is to pay the condemnation. Cannot that be effected in two ways ; 1st. by a payment in money, and 2d. by a render of the body 'l For while the body is in custody, the plaintiff can have no other satisfation. It is, at least, so long, to be regarded as the highest degree of payment. If it does not produce satisfaction, in fact, it may be, that the party may resort to other remedies. But the surrender of the body is the very utmost, which the creditor can demand in payment. In Young vs. Grey, Harp, 40, the bond, I know, was conditioned, as these plaintiffs would have this to be, and yet in it, it was said, as settled law, “the bail might have surrendered their principal.” This being the case, and the condition, demanded *15 by the plaintiffs having no greater legal effect, than that used by the defendants, we should not be warranted in refusing the bail pieces. But I am entirely satisfied with the case of Fife & Co. vs. Clarke, 3d McCord, 347. It ruled correctly, that the form of the bail piece, required under the attachment Acts, should conform to the form required for bail above, or bail to the action; and the Act of ’39, has not altered the law in this respect. The motion to reverse the decision below, is dismissed.
Wilson & Martin, for the motion.
Wardlaw & Perrin, contra.
JOHN B. O’NEALL/
We concur. Josiah J. Evans, B. J. Earle.
Gantt, J. heard this case and concurred in this opinion.
Richardson, J. absent at the argument; but examined the opinion, and was satisfied with it.